UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIVIERA ON THE SEA OF CORTEZ, LLC<br><br>Plaintiff,<br><br>vs<br><br>LUIS MANUEL CHAVEZ, a/k/a LOUIS MANUEL CHAVEZ; and DOES I through X, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-01060-APG-PAL<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 13) |

Plaintiff Riviera on the Sea of Cortez, LLC ("Riviera") filed its Complaint against defendant Luis Manual Chavez on May 11, 2016. ECF No. 1. The Summons and Complaint were served upon Chavez on May 26, 2016. ECF No. 9. Chavez did not file an answer or other response to the Complaint and has not appeared in this case. His default was entered on August 1, 2016. ECF No. 12. Riviera now moves for Default Judgment. ECF No. 13. The motion for Default Judgment demonstrates good cause for entry of judgment against Chavez.

**I.    LEGAL STANDARD**

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Then, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted).

1

Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Granting a default judgment is within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

## II. ANALYSIS

Riviera has satisfied the procedural requirements for default judgment. Pursuant to Rule 55(a), the clerk properly entered a default against Chavez. Because Chavez has neither answered nor otherwise responded to the complaint, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment.

Turning next to the *Eitel* factors, the first factor considers whether Riviera will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 2:14-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). In this case, the clerk entered default against Chavez for his failure to file a responsive pleading or answer the complaint and defend the lawsuit. Riviera will suffer prejudice if default judgment is not entered as it will have no other means to litigate its claims. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Thus, this factor weighs in favor of an entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); see also Fed. R. Civ. P. 8. Riviera's complaint is well pleaded in that it adequately states a breach of the terms of the contract between the parties. A "plaintiff in a breach of contract claim must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006). Riviera has adequately demonstrated each of these elements. Therefore, the second and third *Eitel* factors weigh in favor of entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176. Riviera seeks $9,056,000, the value of the property covered by the subject contract. Riviera supports that request with an appraisal. Riviera's damages appear to be reasonable and proportionate to the harm suffered, and therefore the fourth *Eitel* factor weighs in favor of default judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). There is little possibility of a dispute concerning material facts given both the well-pleaded complaint and the evidence Riviera presented to support its allegations. *See Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921-22 (N.D. Cal. 2010) ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment."). Additionally, given Chavez's failure to answer, no dispute has been raised regarding material elements in the complaint. Thus, the fifth *Eitel*

factor weighs in favor of an entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. In the instant case, Riviera properly served Chavez with the summons and the complaint but Chavez failed to respond. Subsequently, the Clerk of Court entered default over two months later. There is no evidence before me that Chavez's failure to respond is due to excusable neglect. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Given the time period during which Chavez had notice of the action against it and in which it failed to answer or otherwise respond to the complaint, it is unlikely that it failed to respond due to excusable neglect. *See Produce All., LLC v. Lombardo Imports, Inc.*, No. 2:12-CV-00433-MMD-CWH, 2013 WL 129428, at *4 (D. Nev. Jan. 9, 2013) (concluding that defendants' failure to respond was likely not from excusable neglect where defendants received service nearly two months before the clerk's entry of default). Thus, the sixth *Eitel* factor weighs in favor of an entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, Chavez's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." PepsiCo, Inc., 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. While a decision on the merits is desirable, Chavez has abandoned its defense, failed to file a responsive pleading or answer the complaint, and failed to defend the lawsuit. Under these circumstances, default judgment in favor Riviera and against Chavez is warranted.

Riviera also seeks $10,000 in attorney's fees incurred in relation to this litigation. Riviera offers no legal, contractual, or other basis to support its request for attorney's fees. Nor does Riviera offer any evidence to support the amount of its request. The request does not

comply with Local Rule 54-14 and will be denied without prejudice.

Riviera also seeks $528.00.66 in costs for filing fees and process server fees. Filing fees and service of process expenses are taxable costs. See 28 U.S.C. § 1920(1). To request taxable costs, the prevailing party must file a bill of costs with the clerk. LR 54-1. Taxable costs are taxed by the clerk rather than the Court. Fed. R. Civ. P. 54(d)(1); LR 54-1. Therefore, Riviera's request for an award of costs is denied without prejudice.

### III.    CONCLUSION

IT IS THEREFORE ORDERED that the motion for default judgment **(ECF No. 13) is GRANTED**. The clerk of the court is directed enter judgment in favor of plaintiff RIVIERA ON THE SEA OF CORTEZ, LLC and against defendant LUIS MANUEL CHAVEZ, a/k/a LOUIS MANUEL CHAVEZ, in the amount of $9,056,000.00. The judgment shall bear interest as provided by law until it is fully paid.

DATED this 2nd day September, 2016.

_____
HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE